UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL MORRISON                                            CIVIL ACTION

VS.                                                      NO. 2:17-CV-07865

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

**COMPLAINT**

The Complaint of Paul Morrison respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Paul Morrison**, of lawful age and a resident of Vidor, Texas, is a plan participant and beneficiary of an ERISA plan created by his employer, Penske Truck Leasing Co., L.P. and an insured participant of a group disability policy issued by Penske Truck Leasing Co., L.P.

4. Defendant, The Prudential Insurance Company of America ("Prudential"), is a foreign corporation, doing business in Texas. Upon information and belief, Prudential is incorporated in Newark, New Jersey, and its principal place of business is in the state of New Jersey.

5. Prudential issued a group policy, No. G-44445-PA, insuring the employees of Penske Truck Leasing Co., L.P. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

8. Plaintiff is disabled under the terms of the disability policy issued by Prudential.

9. Plaintiff suffers from debilitating back pain and numbness that prevented him from performing his heavy duty job as a truck driver. His medical records demonstrate chronic radiculopathy, nerve root dysfunction, among other ailments that are consistent with his symptoms.

10. Prudential refused to pay his claim arguing that the pre-existing condition exclusion precluded coverage. Specifically, Prudential asserts that Plaintiff had taken pain medication during the pre-existing condition "look-back" period, which triggered the policy exclusion.

11. Plaintiff appealed the denial providing evidence that he did not take pain medication during the "look-back" period for his disabling medical condition. Plaintiff further explained to Prudential other reasons as to why the pre-existing condition exclusion does not apply.

12. Prudential has refused to reverse the denial of his benefits.

13. Prudential unlawfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

14. Plaintiff appealed the denial, but Prudential upheld its previous decision.

15. Prudential's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

16. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse Prudential's denial of benefits.

17. Prudential has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

18. Prudential administered Plaintiff's claim with an inherent and structural conflict of interest as Prudential is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Prudential's assets.

19. Prudential has failed to give the policy and Plan a uniform construction and interpretation.

20. Prudential chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

21. As a routine business practice, Prudential uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

22. Prudential's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

23. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

24. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

25. Defendants' denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

                Respectfully submitted,

                /s/ Reagan Toledano
                Willeford & Toledano
                Reagan L. Toledano (La. 29687)(T.A.)
                James F. Willeford (La. 13485)
                201 St. Charles Avenue, Suite 4208
                New Orleans, Louisiana 70170
                (504) 582-1286; (f) (313)692-5927
                rtoledano@willlefordlaw.com